Cushing *v.* Babcock.

---

## Cushing & al. versus Babcock.

The defendant, by an agreement in writing with the plaintiff in interest, as to the final disposition of a suit against him in Court, thereby waives any technical objections that may exist to the maintenance of the action.

It is competent for parties, to invest arbitrators by them chosen to settle their disputes, with powers sufficient to effectuate their intention, provided they do not violate any rule of law.

The awards of such tribunals are binding, when made within the scope of their powers, and will only be set aside for gross partiality and corruption.

Where the amount of damages in a suit pending, with other matters between the parties, is submitted to the determination of arbitrators, their award of the amount for which the defendant shall be defaulted is admissible in evidence upon the trial, and by that award the parties are bound.

On Report from *Nisi Prius*, Appleton, J., presiding.

Assumpsit, to recover balance of an account. The writ

was dated Aug. 21, 1845, and also contained a count for money paid, &c. No items were sued for which accrued after 1841. Copies of the decree of bankruptcy of plaintiffs and of the appointment of G. G. Cushman as their assignee in Feb'y, 1843, were put into the case, and evidence of the sale of the claim sued for, by the assignee in bankruptcy, to one of the plaintiffs.

On June 9, 1847, Henry E. Prentiss purchased all the rights of plaintiffs in this suit, and took an assignment of the same.

On June 26, 1847, the defendant, in writing, in consideration that Prentiss had agreed to advance the plaintiffs $300, and take an assignment of this suit, agreed to pay Prentiss $375, in one year, or be defaulted in said action after one year for $1000, or show him property on which to levy the execution, but after Prentiss had received the $375, and costs and interest in the suit, the balance was to be applied to other demands he might have against the defendant.

Prentiss was connected in buying real estate with defendant, and on Dec. 27, 1851, they submitted all their matters, by a writing under seal, to arbitrators mutually agreed upon, and clothed them with special and extraordinary powers, on equitable principles, to adjust and settle all the matters between them. Among the items submitted to them was the " Cushing action agreement $375."

On Feb. 4, 1852, the arbitrators made their award, and that part of it in relation to this suit, was in these words: " The obligation or agreement for $375, relating to the Cushing action is to be retained by said Prentiss and filed in the clerk's office, but to be considered as paid by judgment in said action or suit, and we award and decide and direct, that said suit shall be defaulted for $500, debt or damage, and no more. Should said Babcock redeem said suit according to said last named bond, then said agreement is to be given up to said Babcock, and said Prentiss shall transfer the assignment of said action, which he received from Cushing, to said Babcock."

Prentiss appeared as assignee in this suit, and indorsed the writ, as ordered on motion of defendant, and moved, that the action be defaulted and judgment be entered for $500.

The motion was resisted, and the evidence of the facts recapitulated produced, subject to objections, which it is unnecessary more directly to notice.

It was stipulated, that upon so much of the evidence as may be legally admissible, the Court might decide the case by nonsuit or default, as the rights of the parties may demand and assess the damages.

*H. E. Prentiss, pro se.*

1. The alleged bankruptcy of nominal plaintiffs cannot affect this action, for there is no sufficient proof of it, in the first place, and if there was, a bankrupt who has bought back the demand, is the proper person to sue as decided by this Court. *Sawtelle* v. *Rollins*, 23 Maine, 196.

2. The agreement by the defendant under his own hand to be defaulted, takes away all power from him to contest this suit.

3. The award of the referees absolutely renders all defences by him to the action unavailable. This being an accord at common law, is not examinable, except on the ground of corruption, gross partiality, or evident excess of power. *North Yarmouth* v. *Cumberland*, 6 Maine, 21.

*Rowe* and *W. C. Crosby*, for defendant.

1. This action being assumpsit on a contract entered into prior to 1842, and plaintiffs having been decreed bankrupts in 1843, is not maintainable in their name.

2. The paper marked A, merely sets forth the terms on which Prentiss agreed to settle the suit for Babcock, and contains no admission of indebtedness.

3. That contract is usurious. Its enforcement in this suit would deprive the defendant of the relief against the usury which the statute has secured to him in an action on the agreement.

4. The award is not evidence.

Whether any thing, and if any thing, how much, is due from defendant to plaintiffs, in this case, was not determined by the referees, nor even submitted to them.

An arbitrator has no authority to direct a verdict to be entered, unless specially authorized so to do. And where, without authority, he directs a receipt for a particular sum to be entered, and does not, in terms, find that sum to be due, the award, it seems, is bad *in toto. Jackson* v. *Clark,* 13 Pick. 208; *Dunbar* v. *Brett,* 2 Adol. & Ellis, 128; *Hayward* v. *Phillips,* 6 Adol. & Ellis, 344.

5. By the agreement, the excess recovered over the amount due to Prentiss was to be appropriated towards other claims of Prentiss. Those claims are all adjusted; what then is he to do with the excess?

RICE, J. — The demand of Cushing & al. against the defendant was purchased, and the assignment procured, by Prentiss, at the instance and request of the defendant himself, under an agreement which stipulated the manner in which that action should be finally disposed of in Court. He thereby waived all technical objections to maintaining that action by the assignee, if any existed.

It was competent for the parties to submit matters in dispute between them to arbitrators, and to confer on these arbitrators such powers as they might deem proper, provided they did not violate any rule of law.

The matters in dispute between the parties in interest were much complicated. Trust and confidence had been reposed by each in the other, and both seemed to desire a settlement based upon the broadest principles of equity, without regard to strict technical rules of law. To accomplish this object the arbitrators were clothed with uncommon powers, being authorized not only to determine what acts each party should perform in the premises, but also the manner of carrying the same into effect.

Arbitration is a mode of adjusting disputes favored by the

law, and is peculiarly appropriate in controversies like the one existing between these parties.

Arbitrators are judges chosen by the parties themselves, and, at common law, their awards are not examinable, except on the ground of corruption, gross partiality, or evident excess of power.

It is competent for parties to liquidate, by agreement, or arbitration, the amount for which judgment shall be entered up in actions pending in Court.

The Cushing action was specifically referred, as appears by schedule " C" annexed to the award.

It is not perceived that the arbitrators acted upon any matter not submitted to them, and there is no suggestion that they acted corruptly or with partiality. In determining the amount for which judgment should be rendered, they undoubtedly had reference to the relation which the parties sustained to each other, in all the transactions between them, and to existing equitable rights.

The award was properly admitted in evidence. The defendant is to be defaulted and judgment entered up for five hundred dollars according to the award.

SHEPLEY, C. J., and TENNEY, APPLETON and HATHAWAY, J. J., concurred.